**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE serving in its capacity as a named fiduciary of the BP Employee Savings Plan, the BP Capital Accumulation Plan, the BP DirectSave Plan, the BP Employee Savings Plan of Puerto Rico, and the BP Partnership Savings Plan under the BP Master Trust for Employee Savings Plans and the BP Solar Employee Savings Plan under the Trust for the BP Solar Employee Savings Plan, and BP CORPORATION NORTH AMERICA INC. INVESTMENT COMMITTEE serving in its capacity as a named fiduciary of the BP Retirement Accumulation Plan and the Enstar Corporation Retirement Plan under the BP Master Trust for Employee Pension Plans,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY,<br><br>Defendants. | Judge William J. Hibbler<br><br>Magistrate Judge Morton Denlow<br><br>CIVIL ACTION NO. 08-cv-6029 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' NON-ERISA CLAIMS**

|  |  |
|---|---|
| | Michele Odorizzi |
| | Caryn L. Jacobs |
| | John J. Tharp, Jr. |
| | MAYER BROWN LLP |
| | 71 South Wacker Drive |
| | Chicago, Illinois 60606 |
| | (312) 782-0600 |
| Dated: February 4, 2009 | Attorneys for Defendants |

Pursuant to Fed. R. Civ. P. 12(b)(6), Northern Trust Investments, N.A. ("NTI") and The Northern Trust Company ("NTC") move to dismiss any and all state law claims against them in this matter as preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. In support of their motion to dismiss, defendants state as follows:

## INTRODUCTION

In this ERISA case, plaintiffs attempt to base both ERISA and state common law claims on the same set of allegations. It is well-settled, however, that in these circumstances, such state common law claims—whether brought under contract, negligence, or other legal theories—are preempted by ERISA. *Rud v. Liberty Life Assur. Co. of Boston*, 438 F.3d 772, 777-78 (7th Cir. 2006). Here, where plaintiffs' alleged state and federal claims are factually intertwined, there can be no argument that ERISA preemption does not apply. Accordingly, plaintiffs' state common law claims and supporting allegations must be dismissed.[1]

## BACKGROUND

BP Corporation North America Inc. Savings Plan Investment Oversight Committee and BP Corporation North America Inc. Investment Committee filed this ERISA case on October 21, 2008. Doc. #1. In addition to their claims for damages, plaintiffs sought a temporary restraining order and preliminary injunction. Doc. #9. On December 16, 2008—after three weeks of expedited discovery and an all-day evidentiary hearing—the Court denied plaintiffs' motion for preliminary injunction. Doc. #33; Doc. #61.[2] Plaintiffs filed an Amended Complaint ("AC") on

---

[1] While plaintiffs' remaining ERISA claims are equally without merit, dismissal would require review of facts beyond the four corners of the complaint, which is why those claims are not addressed herein.

[2] Plaintiffs withdrew their request for a temporary restraining order on October 29, 2008. Doc. #20.

1

January 21, before defendants' scheduled answer date of January 22. Doc. #64. This motion to dismiss addresses that Amended Complaint.[3]

According to the Amended Complaint,[4] plaintiffs are two committees that oversee the investment of the assets of certain retirement and savings plans. AC ¶¶ 3-4; Doc. #62 at 2. Plaintiffs chose to invest a portion of the more than $8 billion in assets that they manage in four NTI-managed "index funds" that seek to replicate the performance of certain securities indexes, such as the "S&P 500." AC ¶ 13; Doc. #45 at DPFF ¶ 9. In connection with that decision, plaintiffs entered into certain Investment Manager Agreements, or "IMAs," with NTI in which plaintiffs admittedly directed NTI to make those index fund investments. AC ¶¶ 11-13; Doc. #62 at 2; *e.g.*, Exhibit A hereto at ¶ 2(c) and exhibits C-1 to C-4 therein.[5]

All of the NTI index funds that plaintiffs selected for investment participated in NTC's securities lending program. AC ¶ 15; Doc. #62 at 2. Under that program, NTC, as the "lending agent," arranged for the index funds' securities to be lent to borrowers in return for cash collateral. AC ¶¶ 15-16. NTC would thereafter invest that cash collateral in order to provide additional investment returns to the index funds. *Id.* That invested cash collateral was held in certain collateral "pools." AC ¶ 16. In this case, there is no dispute that the IMAs disclosed that the index funds chosen by plaintiffs for investment of plan assets engaged in securities lending

---

[3] The Court set January 22, 2009 as the date by which defendants had to answer or otherwise plead. Doc. #58. Before that date, on January 21, plaintiffs filed their Amended Complaint. Doc. #64. Under Fed. R. Civ. P. 12(a) and 15(a)(1)(3), defendants' new answer date is February 4, 2009.

[4] Plaintiffs' well-pleaded factual allegations are assumed to be true for purposes of a motion to dismiss under Rule 12(b)(6). See *Disability Rights Wisconsin, Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

[5] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

and that NTI's affiliate (NTC) would act as the lending agent. *E.g.*, Exhibit A at ¶ B of exhibits C-1 to C-4 therein. The IMAs also disclosed the amount of the fees that NTC would receive and how those fees would be calculated. *Id.* at ¶ B of exhibits C-1 to C-4 therein and exhibit F-1 to F-4.[6]

In their Amended Complaint, plaintiffs allege that defendants operated the securities lending program imprudently; that a portion of the index funds' invested collateral declined in value; and that defendants' imprudence caused losses to the plans. AC ¶¶ 17-19. Plaintiffs further complain that defendants did not disclose the fee structure between NTI and NTC as the securities lending agent. AC ¶ 16. And, plaintiffs also claim that using NTC as the lending agent for an NTI index fund must have been an impermissible conflict of interest. *Cf.* AC at Count VI. Finally, plaintiffs assert that defendants refused to permit them to withdraw (or redeem) all of the plans' investments in these index funds in a manner dictated by and acceptable to plaintiffs. AC ¶¶ 19-20. As relief, plaintiffs seek, among other things, damages allegedly incurred after they sought the plans' withdrawal from their securities lending investments. AC ¶ 29.[7]

According to plaintiffs, the foregoing conduct violates both ERISA *and* common law. Under these circumstances, the common law claims are clearly preempted by ERISA and must be dismissed even if each and every allegation is accepted as true for purposes of this motion.[8]

---

[6] Plaintiffs claim they are well versed in the practice of securities lending, having invested other plan assets in other lending index funds managed by at least three firms other than NTC. Doc. #45 at DPFF ¶ 16.

[7] In an earlier submission to this Court, plaintiffs claimed they sought to withdraw from lending in October 2008. Doc. #19-2 at ¶¶ 40-41.

[8] The Amended Complaint is oddly silent about both the long history of profits that the plans earned from defendants' securities lending activities and the catastrophic economic climate underlying plaintiffs' alleged losses in late 2008. That pleading also makes no mention of the unprecedented illiquidity in the

3

**PLAINTIFFS' COMMON LAW BREACH OF CONTRACT ALLEGATIONS**

The Amended Complaint alleges "an action for equitable relief and damages under [ERISA] and various Investment Manager Agreements." AC ¶ 1. In addition, plaintiffs claim that defendants committed "breaches of Investment Manager Agreements. . . ." AC ¶ 2. Thus, plaintiffs are apparently attempting to allege common law breach of contract claims as well as claims for violation of ERISA. See AC ¶ 7 ("This Court has supplemental jurisdiction over the contract claims pursuant to 28 U.S.C. § 1367."); AC at Request for Relief ¶ F ("Payment to the Plans of such damages as the Plans sustained as a result of the defendants' breaches of the Investment Manager Agreements…").

In fact, every count in plaintiffs' Amended Complaint that alleges a breach of contract claim also alleges an ERISA breach of fiduciary duty claim based upon the same allegations. For example, in Count 1, plaintiffs allege that NTI's plan of distribution "would constitute a breach of Sections 12 and 20 of the IMAs" and would also violate alleged fiduciary duties under "§ 404(a)(1) of ERISA. . . ." AC ¶ 28. The same is true for Counts II, III, and V.[9] Clearly, plaintiffs are claiming that some or all of the alleged conduct that supposedly violated ERISA

---

debt markets in which the index funds' securities lending cash collateral was invested. Nor do plaintiffs attempt to explain the reasons behind certain limitations that defendants and other firms placed on 100% redemptions from lending index funds. By its silence on these matters, the Amended Complaint misleadingly implies that plaintiffs' alleged losses and defendants' withdrawal guidelines (which this Court has described as "safeguards," Doc. # 62 at 4), just came out of the blue. That is simply not the case. While these issues are not before the Court on the pending motion, plaintiffs' failure to meet any of these facts in an amended pleading they filed two months after the preliminary injunction hearing in this case speaks volumes about the weakness of their case.

[9] In Count II, plaintiffs allege that NTI's actions "constitute breaches of Section 3(a) of the IMAs and, pursuant to § 404(a)(1) of ERISA, a breach of NTI's fiduciary duties . . ." AC ¶ 32. In Count III, plaintiffs allege that NTI acted in a manner that "constitutes a breach of Section 3(a) of the IMAs and, pursuant to § 404(a)(1) of ERISA, a breach of NTI's fiduciary duties." AC ¶ 35. And in Count V, plaintiffs allege that NTI acted in a manner that "constitutes a breach of Section 20 of the IMAs and, pursuant to § 404(a)(1) of ERISA, a breach of NTI's fiduciary duties . . ." AC ¶ 40. Plaintiffs do not allege a breach of contract claim in Counts IV and VI.

4

also constituted a breach of contract under state common law. ERISA preempts state-law claims under these circumstances.

## ARGUMENT

### ALL PLAINTIFFS' NON-ERISA CLAIMS SHOULD BE DISMISSED AS PREEMPTED BY ERISA

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiffs and accept as true all well-pleaded factual allegations. See *Disability Rights Wisconsin, Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). Here, accepting that plaintiffs have proper ERISA claims—which defendants deny—the allegations underlying those claims cannot, as a matter of law, support breach of contract (or any other common law) claims under state law. Accordingly, all plaintiffs' non-ERISA claims should be dismissed.

ERISA § 514(a) states that provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). In passing this preemption clause:

> Congress intended to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government ..., [and to prevent] the potential for conflict in substantive law ... requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.

*New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-657 (1995) (internal quotation marks and citations omitted). Congress considered the "fiduciary standard embodied in [the] Federal legislation [of ERISA] desirable because it will bring a measure of uniformity in an area where decisions under the same set of facts may differ

from state to state." H.R.Rep. No. 93-533, p. 12 (1973), U.S.Code Cong. & Admin.News 1974, pp. 4639, 4650. Preemption preserves that uniformity.

Accordingly, ERISA preempts all state common law claims that "relate to an employee benefit plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). This includes claims that require a "court to interpret or apply the terms of an employee benefit plan." *Dabertin v. HCR Manor Care, Inc.*, 177 F.Supp.2d 829, 858 (N.D. Ill. 2001) (granting summary judgment on state breach of contract claims as preempted under ERISA).

Here, where plaintiffs' state breach of contract claims are alleged in the same counts as their ERISA claims, preemption requires dismissal of the state-law claims. Thus, in *Rud v. Liberty Life Assur. Co. of Boston*, 438 F.3d 772, 777-78 (7th Cir. 2006), the Seventh Circuit affirmed the district court's judgment that plaintiff's state breach of contract claim was preempted by ERISA where plaintiff based both the ERISA and contract claims on the same denial of disability benefits. *Id.* at 777 ("suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted"). Similarly, in *Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co.*, 302 F.3d 1, 4 (1st Cir. 2002), the court found that state contract, negligence, and unfair trade practice claims were preempted by ERISA where plaintiffs complained, among other things, that defendant imprudently invested the assets of an ERISA plan. *Accord Maciosek v. Blue Cross & Blue Shield United of Wis.*, 930 F.2d 536, 540 (7th Cir. 1991) (upholding district court's dismissal of state contract and other common law claims as preempted by ERISA where claims were based on denial of benefits by ERISA plan); *WSOL v. Fiduciary Mgmt. Assocs., Inc.*, 2000 WL 139463, *4 (N.D. Ill. 2000) (dismissing three breach of contract claims as preempted under ERISA); *Babcock v. Computer Assocs. Int'l*, 186 F.Supp.2d 253, 257-58 (E.D.N.Y. 2002)

(granting motion to dismiss breach of contract claims as preempted under ERISA); *Cox v. Eichler*, 765 F.Supp. 601, 606-07 (N.D. Cal. 1990) (same).

Plaintiffs' contract and ERISA fiduciary duty claims are two sides of the same coin. Conduct that plaintiffs claim violated certain contractual provisions is also alleged to have violated ERISA fiduciary duties. Where breach of contract claims "are based on alleged breach of essentially the same fiduciary obligations and prohibitions and are based on precisely the same evidence . . . pertaining to [the] ERISA claims," the breach of contract claims "are clearly preempted by ERISA." *See WSOL, Inc.*, 2000 WL 139463 at *4.

Indeed, in each of Counts I through III and V, plaintiffs meld both the contract and ERISA allegations into one and the same count. This is a textbook violation of ERISA's preemption provisions. Accordingly, all of plaintiffs' breach of contract claims (or any other common law claim they may be purporting to bring in this pleading)[10] must be dismissed as preempted by ERISA.

---

[10] Plaintiffs do not appear to be bringing a state law negligence claim, see AC ¶ 7, but they refer to alleged "negligence" in their Amended Complaint on more than one occasion. AC ¶¶ 1, 28, 32, 35, 37. To the extent plaintiffs are pleading state law claims for negligence, they are also preempted pursuant to ERISA for the same reasons that plaintiffs' breach of contract claims are preempted, and defendants accordingly move to dismiss any such claim of negligence. See, e.g., *Zipperer v. Raytheon Co., Inc.*, 493 F.3d 50, 53-55 (1st Cir. 2007) (dismissing negligence claims as ERISA preempted); *Rudzinski v. Metropolitan Life Ins. Co.*, 2008 WL 4889028, *3 (N.D.Ill.) (N.D. Ill. 2008) (where "it would be impossible to resolve [plaintiffs'] negligence claims without referring back to the Plan" they are preempted).

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss all non-ERISA claims in the Amended Complaint should be granted as preempted under ERISA.

                                                    Respectfully submitted,

Dated: February 4, 2009                      /s/ Caryn L. Jacobs

                                                    Michele Odorizzi
                                                    Caryn L. Jacobs
                                                    John J. Tharp, Jr.
                                                    MAYER BROWN LLP
                                                    71 South Wacker Drive
                                                    Chicago, Illinois 60606
                                                    (312) 782-0600

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE serving in its capacity as a named fiduciary of the BP Employee Savings Plan, the BP Capital Accumulation Plan, the BP DirectSave Plan, the BP Employee Savings Plan of Puerto Rico, and the BP Partnership Savings Plan under the BP Master Trust for Employee Savings Plans and the BP Solar Employee Savings Plan under the Trust for the BP Solar Employee Savings Plan, and BP CORPORATION NORTH AMERICA INC. INVESTMENT COMMITTEE serving in its capacity as a named fiduciary of the BP Retirement Accumulation Plan and the Enstar Corporation Retirement Plan under the BP Master Trust for Employee Pension Plans, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, <br><br> Defendants. | Judge William J. Hibbler <br><br> Magistrate Judge Morton Denlow <br><br> CIVIL ACTION NO. 08-cv-6029 |

**TABLE OF EXHIBITS ACCOMPANYING DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' NON-ERISA CLAIMS**

**EXHIBIT A — JANUARY 1, 2008 INVESTMENT MANAGER AGREEMENT**

**EXHIBIT B — UNPUBLISHED CASES CITED IN MEMORANDUM**