**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE serving in its capacity as a named fiduciary of the BP Employee Savings Plan, the BP Capital Accumulation Plan, the BP DirectSave Plan, the BP Employee Savings Plan of Puerto Rico, and the BP Partnership Savings Plan under the BP Master Trust for Employee Savings Plans and the BP Solar Employee Savings Plan under the Trust for the BP Solar Employee Savings Plan, and BP CORPORATION NORTH AMERICA INC. INVESTMENT COMMITTEE serving in its capacity as a named fiduciary of the BP Retirement Accumulation Plan and the Enstar Corporation Retirement Plan under the BP Master Trust for Employee Pension Plans, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, <br><br> Defendants. | Judge William J. Hibbler <br><br> Magistrate Judge Morton Denlow <br><br><br> CIVIL ACTION NO. 08 C 6029 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS NON-ERISA CLAIMS**

**INTRODUCTION**

Plaintiffs (the "Plan Committees") respectfully submit this memorandum in opposition to the motion of Defendants, Northern Trust Investments, N.A. ("NTI") and The Northern Trust Company ("NTC" and, together with NTI, the "NT Defendants"). The NT Defendants found no basis to seek dismissal of the six counts the Plan Committees actually pled under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Instead, the NT Defendants have cobbled together various allegations from the Amended Complaint, concluded

CH25619.1

that the Plan Committees must be trying to sneak in a state law breach of contract claim, and sought to dismiss that phantom claim. The NT Defendants' motion is based on a "straw man", namely, that "plaintiffs attempt to base both ERISA and state common law claims on the same set of allegations." (Def. Mem. p. 1.) To the contrary, the Amended Complaint reflects that all of the allegations regarding the NT Defendants' breach of fiduciary duties and breaches of contract constitute violations of ERISA.

Moreover, even if some of the Plan Committees' claims had been pleaded under state law, which they were not, settled Seventh Circuit law provides that state claims preempted by ERISA should not be dismissed pursuant to Rule 12(b)(6), but instead be allowed to proceed as though they were brought under ERISA. The Seventh Circuit's rationale behind that conclusion is that Federal Rule of Civil Procedure 8 requires only notice pleading—not identification of legal theories.

The NT Defendants' motion appears to be a thinly-veiled attempt to strike any mention of the various contracts they signed or their provisions from the Amended Complaint, regardless of whether they bear on the Plan Committees' ERISA claims. If granted, the motion would have the peculiar effect of permitting a fiduciary to enter into a contract, promise to perform certain tasks as a fiduciary under the contract, and accept considerable compensation under the contract, but escape any liability—even that which ERISA imposes—for violation of its terms. The NT Defendants provide no authority for granting this extreme relief and, therefore, the motion should be denied.

**BACKGROUND**

On January 21, 2009, the Plan Committees filed an Amended Complaint, stating the following claims: Count I (Failure to Distribute Plans' Interests in the NTGI Trust in Cash or in Kind); Count II (Imprudent Lending of Securities); Count III (Imprudent Investment of

2

Collateral Provided by Securities Borrowers); Count IV (Inadequate and Untimely Disclosure of Losses in the Securities Lending Program); Count V (Failure to Disclose NTI's Conflict of Interest Due to Excessive Lending of Securities); and Count VI (Engaging in ERISA-Prohibited Transaction). The NT Defendants concede that these claims arise under ERISA and, by failing to seek their dismissal, concede that all of the Counts state claims under ERISA. (Def. Mem. pp. 3, 4 ("every count in plaintiffs' Amended Complaint that alleges a breach of contract claim also alleges an ERISA breach of fiduciary duty claim").)

The NT Defendants apparently take issue with only four of the counts (Counts I, II, III and V), which the NT Defendants assume also plead claims under state common law for breach of contract. (Def. Mem. p. 4.) Although Defendants do not specify which allegations in those counts should be dismissed, they apparently take issue with the fact that the Plan Committees pleaded facts regarding the Investment Manager Agreements ("IMA"), pursuant to which NTI *became* a fiduciary to the ERISA plans at issue. (*Id.* ("plaintiffs are apparently attempting to allege common law breach of contract claims as well as claims for violation of ERISA").

The NT Defendants tellingly omit several facts about the IMA attached to their Motion to Dismiss, which demonstrate that the Plan Committees' allegations about the IMA are relevant to the Plan Committees' ERISA claims.[1] For example, the Amended Complaint alleges that NTI acknowledged in the IMAs that "the BP Trusts and the Investment Accounts [established under the IMAs] were subject to the provisions of ERISA, and that NTI is a fiduciary, as defined in ERISA. . . ." (Amended Complaint (or "AC") ¶14(B), Doc. 64.) The Amended Complaint further alleges that "each of the Defendants is a fiduciary with respect to the Plans and owed, and continues to owe, fiduciary duties to the Plans and their participants under ERISA in the manner

---

[1] Defendants also argued facts outside the Amended Complaint in their Memorandum, *e.g.*, footnote 8 (Def. Mem. p. 3). Since Defendants admit that "these issues are not before the Court on the pending motion," it was improper for Defendants to present them even in a footnote.

3

and to the extent set forth in the Plans' documents," which include the IMAs. (AC ¶23.) By the IMA, NTI became an "Investment Manager" for "Investment Accounts" (IMA ¶ 1(c), Def. Mem. Ex. A) which are subject to the provisions of ERISA. (*Id.* at ¶ 2(b).) Furthermore, the IMA provides that NTI, as Investment Manager, "shall discharge its duties with respect to the Investment Accounts in accordance with the provisions of this Agreement . . . and ERISA" (*id.*). Thus, because the Plan Committees' allegations regarding the IMA support their ERISA claims, which the NT Defendants do not seek to dismiss, the Court should deny the NT Defendants' motion in its entirety.

## ARGUMENT

To survive a motion to dismiss, a plaintiff need only set forth a "plausible" claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). *See also* Fed. R. Civ. P. 8(a)(2) (a pleading need state only a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). The Seventh Circuit "has repeatedly held that pleaders in a notice system *do not have any obligation to plead legal theories*." *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005) (emphasis added). Furthermore, two Seventh Circuit decisions emphatically reject the NT Defendants' argument that "where plaintiffs' alleged state and federal claims are factually intertwined…, plaintiffs' state common law claims and supporting allegations must be dismissed." (Def. Mem. p.1.)

Most recently, in *McDonald*, the Seventh Circuit reversed a district court decision granting the very same relief the NT Defendants seek here. The district court dismissed under Rule 12(b)(6) a complaint alleging only violations of state law resulting from the defendant's failure to provide health insurance under a benefit plan subject to ERISA on the ground that ERISA preempted the state law claim. Although the Seventh Circuit agreed that ERISA preempted the state law claims, it reasoned: "'It does not follow, however, that [plaintiff's] suit

4

should have been dismissed under Rule 12(b)(6).'" 425 F.3d at 427 (quoting *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1077 (7th Cir. 1992)). "'Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations . . . .'" *Id.* at 428. The Seventh Circuit then held:

> The district court thought that the consequence of a decision that the McDonalds were bringing a suit that fell within the territory covered by ERISA had to be either dismissal under Rule 12(b)(6) or an amendment of the complaint. This was error. The real question was whether relief was possible based on any legal theory—ERISA included—under any set of facts that could be established consistent with the allegations.

*Id.* at 428. In finding that the "state law" complaint should not be dismissed, the court stated:

> Returning to McDonald's complaint, we can see that it focuses on the defendants' failure to give McDonald the benefits under the medical plan that he had been promised. This is precisely the kind of claim that ERISA § 502(a) allows plan participants to bring.

*Id.* at 429. Accordingly, the Seventh Circuit reversed and remanded the case. *Id.* at 430.

Similarly, in *Bartholet*, the Seventh Circuit also held that the mistaken assertion of a state law claim preempted by ERISA was not "fatal" to the complaint under Rule 12(b)(6), and reversed the district court's dismissal of the complaint on preemption grounds. 953 F.2d at 1078. In illustrating the error of dismissing a claim preempted by federal law, the Seventh Circuit reasoned that "[a]n effort to invoke nonexistent state law is no different from a spelling error." *Id.* at 1075. *See also Minnesota Power & Affiliated Cos. Ret. Plan A v. Capital Guardian Trust Co.*, Case No. 07-3866 ADM/RLE, 2008 WL 2891057, at *4 n.2 (D. Minn. July 22, 2008) (denying motion to dismiss breach of investment manager agreement claims, which were preempted, because the Eighth Circuit requires a determination of "whether the plaintiff's complaint 'state[s] a cause of action under either an express provision of ERISA or federal

5

common law'" (quoting *Slice v. Sons of Norway*, 978 F.2d 1045, 1046 (8th Cir. 1992)) (attached as Exhibit A).

Because Seventh Circuit precedent bars the dismissal of a complaint that *expressly* invokes state common law if the facts alleged also support an ERISA claim, it follows that a complaint which *expressly* invokes ERISA cannot be dismissed merely because it includes allegations regarding a breach of contract. That is particularly true here, where the Plan Committees' allegations regarding the NT Defendants' numerous breaches of the IMA are essential to the Plan Committees' ERISA claims.

For example, whether the NT Defendants are liable for ERISA breaches of fiduciary duty depends, in part, on whether they are, in fact, ERISA fiduciaries. ERISA defines "fiduciary" so as to include one who "renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so. . . ." 29 U.S.C. § 1002(21)(A)(ii). Thus, the Plan Committees' allegations that NTI agreed to serve as an investment manager under the various IMAs is relevant to the Plan Committees' prima facie breach of ERISA fiduciary duty claims. (*See, e.g.,* AC ¶¶ 9-11.)

Furthermore, whether the NT Defendants are liable for failing to prudently invest, as alleged for example in Count III of the Amended Complaint, depends, in part, on what the BP plans' investment policies were. Those investment policies are set forth in the IMAs and attachments thereto, which constitute "'documents and instruments governing the plan' within the meaning of ERISA Sec. 404(a)(1)(D)." 29 C.F.R. § 2509.08-2, ¶ 2, "Statements of Investment Policy" (attached hereto as Exhibit B). Thus, the Plan Committees' allegations regarding the IMAs' provisions and the NT Defendants' breaches thereof also are relevant to the

6

Plan Committees' ERISA claims. Indeed, the Second Circuit has affirmed the grant of summary judgment in a breach of ERISA fiduciary duty claim based on an investment manager's failure to abide by the investment guidelines set forth in an investment manager agreement. *Dardaganis v. Grace Capital, Inc.*, 889 F.2d 1237, 1241 (2d Cir. 1989). Among other reasons, the Second Circuit reasoned that breaching the investment manager agreement constituted a violation of the duty to act in accordance with plan documents, as set forth in 29 U.S.C. § 1104(a)(1)(D), and therefore could be the basis for liability under 29 U.S.C. § 1109. *Id. See also Phelps v. Qwest Employees Benefit Comm.*, Case No. 04 CV 02042 LTBOES, 2005 WL 3280239, at *4 (D. Colo. Dec. 2, 2005) (holding that portfolio-specific guidelines incorporated into investment manager contracts constituted "other instruments under which the plan is established or operated" within the meaning of 29 U.S.C. § 1024(b)) (attached hereto as Exhibit C).

None of the case law which the NT Defendants cite in their Memorandum supports a finding that any so-called "breach of contract claims" in the Amended Complaint should be dismissed. For example, they rely on *Rud v. Liberty Life Assurance Co. of Boston*, 438 F.3d 772, 777 (7th Cir. 2006), for the unremarkable proposition that "[a] suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law *remedies* are preempted." (Emphasis added.) *Rud* is inapposite because it was decided upon summary judgment, not on a motion to dismiss under Rule 12(b)(6).

In fact, *Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co*., 302 F.3d 1 (1st Cir. 2002), which the NT Defendants also cite, actually demonstrates that dismissal is inappropriate. In that case, the defendant removed to federal court claims pleaded under state common law on both federal question grounds and diversity because defendant claimed the complaint was preempted by ERISA. On *defendant's* motion and over *plaintiff's* objection, the

7

district court did exactly as the Seventh Circuit instructs must be done—it "recharacterized the state law claims as arising under ERISA . . . ." *Id.* at 2. Then, by stipulation of the parties, the district court entered judgment in defendant's favor so that the issue of preemption could be appealed. *Id.* Thus, the case not only was not decided under Rule 12(b)(6), but it actually undermines the NT Defendants' request for dismissal.

*Maciosek v. Blue Cross & Blue Shield United of Wis.*, 930 F.2d 536, 540 (7th Cir. 1991), while actually decided under Rule 12(b)(6), is no more availing. Courts in the Seventh Circuit have recognized that, because it was decided two years before *Bartholet*, with which it conflicts, it is no longer good law. *See Eichhorn, Eichhorn & Link v. Travelers Ins. Co.*, 896 F. Supp. 812, 815, (N.D. Ind. 1995) (*Maciosek* "is two years older than *Bartholet* and thus implicitly overruled."); *Talamine v. Unum Life Ins. Co. of America*, 803 F. Supp. 198, 201 (N.D. Ill. 1992) (noting tension between *Maciosek* and *Bartholet* and holding "[t]his court finds the *Bartholet* approach to preemption better aligned with the system of notice pleading set forth in the Federal Rules of Civil Procedure."). Furthermore, it is distinguishable because the plaintiff's counsel, whom the Seventh Circuit held engaged in sanctionable conduct, filed the action is state court to *avoid* ERISA, unlike this case, brought in federal court *pursuant to* ERISA.

The other cases on which the NT Defendants rely similarly are either distinguishable or cannot be squared with the Seventh Circuit's decisions of *Bartholet* and *McDonald*. *See WSOL v. Fiduciary Mgmt. Assocs., Inc.*, Case No. 99 C 1719, 2000 WL 139463, * 4 (N.D. Ill. 2000) (oral opinion deciding motion for directed verdict and noting in dicta that contract claims may been resolved on motion to dismiss); *Babcock v. Computer Assocs., Int'l*, 186 F. Supp. 2d 253, 259 (E.D.N.Y. 2002) (holding that "[a] claim under Section 1132(a)(1)(B) is essentially the assertion of a contractual right under a benefit plan" and dismissing separate counts designated

breach of contract but permitting similar ERISA claims to stand); *Cox v. Eichler*, 765 F. Supp. 601, 605 (N.D. Cal. 1990) (holding that "[a]t the pleading stage, the court may dismiss state law claims on motions pursuant to Fed. Rule Civ. Pro. 12(b)(6) where they are preempted by ERISA," which is directly at odds with controlling Seventh Circuit authority).

In sum, the NT Defendants fail to address the controlling Seventh Circuit case law which prohibits the dismissal of "state law" claims which plead facts supporting an ERISA claim. Instead, the NT Defendants rely on inapplicable case law in which state law claims were dismissed on summary judgment or rejected when pleaded as stand-alone counts with separate ERISA counts. *None of them* stand for the proposition that *individual allegations* supporting an ERISA claim, which could also be construed as supporting a common law breach of contract claim, should be dismissed. Thus, there is no legal basis for the NT Defendants' motion to dismiss unidentified portions of four of Plaintiffs' six ERISA claims.

## CONCLUSION

For all of the foregoing reasons, the NT Defendants' motion to dismiss should be denied.

Respectfully submitted,

*/s/    Keith P. Schoeneberger*
An Attorney for Plaintiffs

Michael H. King
Keith P. Schoeneberger
Therese K. Nohos
Brian Westhoff
DEWEY & LEBOEUF LLP
180 North Stetson, Suite 3700
Two Prudential Plaza
Chicago, IL  60601-6710
Telephone:  312-794-8000
Facsimile:   312-794-8100

9