# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE serving in its capacity as a named fiduciary of the BP Employee Savings Plan, the BP Capital Accumulation Plan, the BP DirectSave Plan, the BP Employee Savings Plan of Puerto Rico, and the BP Partnership Savings Plan under the BP Master Trust for Employee Savings Plans and the BP Solar Employee Savings Plan under the Trust for the BP Solar Employee Savings Plan, and BP CORPORATION NORTH AMERICA INC. INVESTMENT COMMITTEE serving in its capacity as a named fiduciary of the BP Retirement Accumulation Plan and the Enstar Corporation Retirement Plan under the BP Master Trust for Employee Pension Plans, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge William J. Hibbler<br><br>Magistrate Judge Morton Denlow<br><br>CIVIL ACTION NO. 08-cv-6029 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFFS' NON-ERISA CLAIMS

Caryn L. Jacobs
John J. Tharp, Jr.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
Attorneys for Defendants

Dated: February 27, 2009

Northern Trust Investments, N.A. and The Northern Trust Company hereby file their reply memorandum in support of their motion to dismiss all non-ERISA claims being asserted by plaintiffs.

## INTRODUCTION

In their motion to dismiss plaintiffs' non-ERISA claims, defendants pointed out that plaintiffs had apparently asserted *both* ERISA claims *and* state-law breach of contract claims based on the same set of allegations. (Doc. #69 at 4.) This is clear from the fact that plaintiffs' amended complaint alleged not only federal question and ERISA jurisdiction applicable to their purported ERISA claims, but also "supplemental jurisdiction" under 28 U.S.C. § 1367. The only reason plaintiffs could possibly have for invoking the court's supplemental jurisdiction is that they were asserting state-law claims. Because ERISA clearly preempts such state-law claims, defendants sought an order dismissing any and all state-law (or, non-ERISA) claims being asserted by plaintiffs.

In response, plaintiffs have filed a confused and meandering brief that largely fails to join issue with defendants' motion; addresses a "strawman" argument that defendants never made; misreads cases; and ultimately concedes not only the "unremarkable proposition" that any state-law claims would be preempted under ERISA, but contends that they never intended to bring any such claims. (Doc. #77 at 7.) Under these circumstances, defendants' motion to dismiss should be granted as described below, and the court should enter the Proposed Order submitted today to

the Court and served on plaintiffs electronically per this Court's standing case management procedures.[1]

<u>**ARGUMENT**</u>

I. <u>**PLAINTIFFS CONCEDE THAT ANY AND ALL STATE-LAW CLAIMS ARE PREEMPTED BY ERISA.**</u>

In their motion to dismiss plaintiffs' non-ERISA claims, defendants pointed out that Counts I-III and V of the amended complaint (and all of the allegations made therein) appeared to be brought both as federal claims under ERISA and also as contract claims under state law. (Doc. #69 at 4.) Plaintiffs' amended complaint specifically alleged jurisdiction under ERISA and the "federal question" statute, which would clearly apply to the ERISA claims. (Amended Complaint ¶ 7.) But in that same allegation, plaintiffs also claimed that:

> This Court has *supplemental* jurisdiction over *the contract claims* pursuant to 28 U.S.C. § 1367. [Emphasis added.]

Plaintiffs' assertion that this court has supplemental jurisdiction over the "the contract claims" makes no sense unless plaintiffs are (or were) trying to assert state-law contract claims in addition to federal ERISA claims. That is because Section 1367 does not apply to federal question or ERISA claims. *Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) ("Congress enacted § 1367 to codify long-standing principles of pendent and ancillary jurisdiction, whereby federal courts may exercise supplemental jurisdiction over a state claim if the state and federal claims 'derive from a common nucleus of operative fact'"; internal citations omitted). Thus, the only claim to which Section 1367 could logically apply would be to a state-law contract claim, as apparently alleged in Paragraph 7 of

---

[1] The proposed order would, among other things, strike the entire "supplemental jurisdiction" allegation in Paragraph 7 of the Amended Complaint and dismiss any and all state-law or non-ERISA claims.

plaintiffs' amended complaint.  Confusing matters even more, plaintiffs purport to allege both ERISA violations and breaches of contract in each of Counts I-III and V.

Since ERISA's own provisions—and controlling case law—expressly preempt state-law contract claims, defendants filed a simple and straight-forward motion seeking dismissal of the state-law contract claims that plaintiffs were apparently trying to assert in their amended complaint.  (Doc. #69 at 1.)  In that motion, defendants demonstrated that (1) any state law claims that plaintiffs brought are based on the same allegations on which their ERISA claims are based, and that (2) case law confirms that such claims are preempted.  (*Id.* at 7.)

Plaintiffs' response does not dispute these essential elements of defendants' motion to dismiss:

- Plaintiffs concede "the unremarkable proposition" that in a suit under ERISA, "parallel" state law claims are preempted.  (Doc. #77 at 7.)

- Plaintiffs nowhere dispute the holdings of cases cited by defendants to the effect that ERISA preempts state-law claims.  (See cases cited at Doc. #69 at 5-6.)

- Plaintiffs nowhere dispute that state-law claims parallel to their ERISA claims would be preempted by ERISA.

Thus, any state-law claims in the amended complaint are preempted, and defendants' motion to dismiss should be granted.

## II.   PLAINTIFFS NOW CLAIM THAT THEY ARE *NOT* ALLEGING STATE-LAW CLAIMS.

As described above, plaintiffs' amended complaint clearly alleged supplemental jurisdiction over state-law contract claims. However, plaintiffs' response brief represents—notwithstanding those allegations—that they are *not* attempting to allege *state-law claims*:

- Plaintiffs deny that they are "trying to sneak in a state law breach of contract claim," which they characterize as a "phantom claim." (Doc. #77 at 2.)

- Plaintiffs claim that it would be a "straw man" to argue that they are trying to allege both ERISA and state-law claims. (*Id.*)

- Plaintiffs claim that "all" of their contract and fiduciary duty allegations are brought under ERISA. (*Id.*)

- Plaintiffs state that their claims "were not" pleaded under state law. (*Id.*)

These statements *contradict* plaintiffs' allegation in their amended complaint that "[t]his Court has supplemental jurisdiction over the contract claims pursuant to 28 U.S.C. § 1367." (Amended Complaint ¶ 7.) If not resolved, plaintiffs' contradictory statements about the identity and scope of their claims may confuse critical aspects of this case, including the claims' legal sufficiency, applicable defenses, and the conduct of any trial.

Defendants had filed their motion to dismiss to rid the pleadings of deficient and preempted state-law claims. When defendants received plaintiffs' response brief conceding that plaintiffs could not assert any state-law claims and claiming (despite clear evidence to the contrary) that they had not intended to do so, defendants' counsel contacted plaintiffs' counsel to see if the parties could reach a stipulation so as not to burden the court with matters that are not

actually in dispute. The stipulation, to be entered by the court, would have confirmed that no state-law claims had been or could be brought in the case. But because plaintiffs declined even to respond to defendants' straight-forward question—"are plaintiffs asserting state-law claims?"—much less to agree to such a stipulation (see Exhibits A and B hereto), this motion unfortunately remains necessary to ensure that no state-law claims remain, explicitly or implicitly, in this case.

Thus, either (1) plaintiffs *are* asserting state-law claims, as indicated by their allegations, in which case they must be dismissed as preempted under ERISA; or (2) plaintiffs are *not* asserting any state-law claims, in which case this court should enter an order confirming and clarifying that fact. In either case, the record should be clear that there are no state-law claims in this case and that the supplemental jurisdiction allegations in Paragraph 7 are stricken. Defendants' Proposed Order accomplishes these goals.

### III.  PLAINTIFFS' ARGUMENTS MISCHARACTERIZE DEFENDANTS' MOTION AND ARE BOTH IRRELEVANT AND ERRONEOUS.

Apart from agreeing with defendants that ERISA preempts state-law claims and claiming that plaintiffs are not alleging any state-law claims, plaintiffs' responsive brief is irrelevant to the instant motion. That is because the brief purports to "respond" to arguments that defendants never made.

For example, plaintiffs misconstrue defendants' motion as "a thinly-veiled attempt to strike any mention of the various contracts they signed or their provisions from the amended complaint." (Doc. #77 at 2.) Based on this incorrect premise, plaintiffs spend most of their brief (*id.* at 4 through 9) arguing that when a fiduciary violates certain ERISA plan documents (such

as an investment manager agreement), that may be a proper ERISA claim even if it is not a proper state-law contract claim due to ERISA preemption.

The problem with this argument is that defendants' motion to dismiss never sought dismissal of plaintiffs' ERISA claims or of any allegations underlying those ERISA claims. As we indicated in our opening memorandum, while defendants vigorously dispute plaintiffs' baseless ERISA claims, we are not seeking their dismissal as a matter of law at this early stage of the case. (Doc. #69 at footnote 1.) For that reason, this argument by plaintiffs is wholly off point;[2] defendants sought dismissal only of (1) any and all state-law claims (which plaintiffs now claim they are not making) and (2) any and all allegations directed *only* to state-law claims (such as plaintiffs' supplemental jurisdiction allegation).

Plaintiffs also argue that "even if some of the [plaintiffs'] claims had been pleaded *under state law, which they were not*, settled Seventh Circuit law provides that state claims preempted by ERISA should not be dismissed pursuant to Rule 12(b)(6), but instead be allowed to proceed as though they were brought under ERISA." (Doc. #77 at 2; emphasis added.) Again, this argument is irrelevant. Plaintiffs *did* assert claims under ERISA, which defendants *did not* move to dismiss. Thus plaintiffs' demand that their allegations under ERISA "be allowed to proceed as though they were brought under ERISA" is not only circular, it simply makes no sense. And because plaintiffs have affirmatively disclaimed any reliance on state-law claims, their request to recast state-law claims they are not pursuing as ERISA claims is both incomprehensible and pointless.

---

[2] Because defendants' motion to dismiss does not seek to dismiss any of plaintiffs' ERISA allegations, the following two cases cited by plaintiffs, as well as the propositions for which plaintiffs cite these cases, are irrelevant to the present motion and need not be considered at this point in time: *Dardaganis v. Grace Capital, Inc.*, 889 F.2d 1237, 1241 (2d. Cir. 1989), and *Phelps v. Qwest Employees Benefit Comm.*, 2005 WL 3280239 (D. Colo. 2005).

Finally, plaintiffs' assertion that a court may not dismiss state-law claims that are preempted by ERISA is simply wrong. The two cases plaintiffs cite for that proposition— *McDonald v. Household Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005), and *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077 (7th Cir. 1992)—say no such thing. Plaintiffs misread these cases—which hold merely that a court should not dismiss an entire lawsuit if a plaintiff pled the wrong legal theory and the facts would have supported a claim under a correct legal theory—as also meaning that deficient claims may never be dismissed. Of course that is not the law.

For example, in *McDonald*, where the plaintiff had alleged *only* state-law claims and (unlike here) did not purport to bring claims under ERISA, the district court dismissed the entire action on the theory that ERISA preempted the state-law claims. In reversing that order, the Seventh Circuit held that the preempted state-law claims would have stated a claim under ERISA and that, since a plaintiff is not required to plead legal theories, the district court should have construed the state-law claims as having been brought under ERISA. 425 F.2d at 425, 429-30. The same is true regarding *Bartholet*, 953 F.2d at 1075, 1078 ("a complaint reciting that the claim depends on the common law of contracts is really based on [ERISA] if the contract in question is a pension plan" and "a complaint about pensions rests on federal law no matter what label its author attaches" and remanding to the district court to determine "whether there is a remedy under ERISA").[3]

---

[3] Likewise, the *Minnesota Power and Affiliated Companies Retirement Plan A v. Capital Guardian Trust Co.*, 2008 WL 2891057, *4 (D. Minn. 2008), court held that "[b]ecause Plaintiffs' state law claims directly reference the Plans, and thus 'relate to' an employee benefit plan, they are preempted…" Plaintiffs characterize the case as one where the court denied defendants "motion to dismiss breach of investment manager agreement claims," Doc. #77 at 5, but the court actually denied a motion to dismiss the complaint. Such a motion could not be granted because *Slice v. Sons of Norway*, 979 F.2d 1045, 1046 (8th Cir. 1992), held that where a district court dismissed plaintiffs' complaint based on preemption, it needed to determine whether any "cause of action" existed under federal law. Again, the case never said

Nothing in either case prohibits a court from dismissing preempted state-law claims where a plaintiff has alleged both ERISA claims and preempted state-law claims. To the contrary, the *McDonald* court concluded that "the district court was correct about ERISA preemption," and found that plaintiffs were entitled to "go forward and litigate their claim *under ERISA*," not under state law. 425 F.3d at 425 (emphasis added).

Neither case even remotely stands for the proposition that preempted (and thus legally deficient) non-ERISA claims are somehow immune from dismissal where federal ERISA claims are allowed to proceed, nor do we know of any other authority for that proposition. Plaintiffs cite no case so holding, and there are legions of cases dismissing such claims at this stage of the case. See, e.g., *Daleidan v. DuPage Internal Medicine, Ltd.*, 2002 WL 1858790 (N.D. Ill. 2002) (Hibbler, J.) (dismissing non-ERISA state-law claim as preempted by ERISA, while allowing ERISA claim to proceed); *Devlin v. Transportation Communications Intern. Union*, 173 F.3d 94, 97-98, 101 (2d. Cir. 1999) (affirming dismissal of non-ERISA state-law claims on motion to dismiss as preempted by ERISA where federal ERISA claims were allowed to proceed to summary judgment); *Concha v. London*, 62 F.3d 1493, 1499, 1504 (9th Cir. 1995) (affirming dismissal of non-ERISA state-law claims as preempted by ERISA, but allowing ERISA claim to proceed).[4]

---

that a court could not dismiss preempted state-law claims and held only that a court should permit the case to proceed under ERISA if the allegations properly alleged a federal ERISA claim.

[4] *Cf. Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d. Cir. 1982) ("a Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder"); *Essex Real Estate Group, Ltd. v. River Works, L.L.C.*, 2002 WL 1822913, *1 (N.D. Ill. 2002) (granting partial motion to dismiss); 12 Wright & Miller, Federal Practice and Procedure § 1358 (2004) ("[a] Rule 12(b)(6) motion also may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief").

## CONCLUSION

If plaintiffs are attempting to allege state-law claims, then those claims should be dismissed. If plaintiffs are not attempting to allege state-law claims, as they now claim, the Court should clarify and confirm that fact in its order, ensuring that only ERISA claims remain in this case. In either event, the court should strike plaintiffs' allegation concerning supplemental jurisdiction in the last sentence of paragraph 7 of the amended complaint. Accordingly, the court should enter the Proposed Order submitted today to the court and served on plaintiffs electronically per this court's standing case management procedures.

Respectfully submitted,

Dated: February 27, 2009     /s/ Caryn L. Jacobs

Caryn L. Jacobs
John J. Tharp, Jr.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE serving in its capacity as a named fiduciary of the BP Employee Savings Plan, the BP Capital Accumulation Plan, the BP DirectSave Plan, the BP Employee Savings Plan of Puerto Rico, and the BP Partnership Savings Plan under the BP Master Trust for Employee Savings Plans and the BP Solar Employee Savings Plan under the Trust for the BP Solar Employee Savings Plan, and BP CORPORATION NORTH AMERICA INC. INVESTMENT COMMITTEE serving in its capacity as a named fiduciary of the BP Retirement Accumulation Plan and the Enstar Corporation Retirement Plan under the BP Master Trust for Employee Pension Plans, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge William J. Hibbler<br><br>Magistrate Judge Morton Denlow<br><br>CIVIL ACTION NO. 08-cv-6029 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

**TABLE OF EXHIBITS ACCOMPANYING DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' NON-ERISA CLAIMS**

**EXHIBIT A — EMAIL FROM CARYN JACOBS TO KEITH SCHOENEBERGER DATED FEBRUARY 25, 2009**

**EXHIBIT B — EMAIL FROM KEITH SCHOENEBERGER TO CARYN JACOBS DATED FEBRUARY 25, 2009**

**EXHIBIT C — UNPUBLISHED CASES CITED IN MEMORANDUM**