

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BP CORPORATION NORTH AMERICA INC.                                  ) | |
| SAVINGS PLAN INVESTMENT OVERSIGHT                           ) | |
| COMMITTEE serving in its capacity as a named                  ) | |
| fiduciary of the BP Employee Savings Plan, the BP           ) | |
| Capital Accumulation Plan, the BP DirectSave Plan,        ) | |
| the BP Employee Savings Plan of Puerto Rico, and the ) | |
| BP Partnership Savings Plan under the BP Master             ) | |
| Trust for Employee Savings Plans and the BP Solar        ) | |
| Employee Savings Plan under the Trust for the BP           ) | |
| Solar Employee Savings Plan, and BP                               ) | |
| CORPORATION NORTH AMERICA INC.                                   ) | Judge William J. Hibbler |
| INVESTMENT COMMITTEE serving in its capacity    ) | |
| as a named fiduciary of the BP Retirement                       ) | Magistrate Judge Morton Denlow |
| Accumulation Plan and the Enstar Corporation              ) | |
| Retirement Plan under the BP Master Trust for             ) | |
| Employee Pension Plans,                                                    ) | |
|                                                                                             ) | |
| Plaintiffs,                                                                ) | |
|                                                                                             ) | CIVIL ACTION NO. 08-cv-6029 |
|                                                                                             ) | |
| v.                                                                            ) | |
|                                                                                             ) | |
| NORTHERN TRUST INVESTMENTS, N.A. and                      ) | |
| THE NORTHERN TRUST COMPANY,                                     ) | |
|                                                                                             ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

A Plaintiff in another case, Joseph L. Diebold, Jr., moves the Court to reassign that case,

*Diebold v. Northern Trust Investments, N.A.*, No. 09–cv-1934 (hereinafter *Diebold*), from the docket

of Judge George Lindberg to this Court's docket. The Defendants in both cases, Northern Trust

Investments (NTI) and the Northern Trust Company (Northern Trust), concur with Diebold's

wishes, but the BP Committees object to the reassignment.

I. Factual Background

Northern Trust manages collective trusts for institutional investors and NTI serves as the trustee for the benefit of the approximately 600 trusts (including the BP Plans and the ExxonMobil Savings Plan, in which Diebold participates) that participate in those funds. Both the BP Plans and Exxon Plans invest in Northern Trust managed collective funds that engage in securities lending.

NTI, through Northern, "lends" stocks or bonds it holds to certain borrowers, who must put up collateral in order to borrow these securities. Northern, in turn, invests that collateral in accordance with a set of investment guidelines. Northern takes its fees as a percentage of the profits from the securities lending program. As the value of the borrowed securities fluctuates, Northern adjusts the amount of collateral it holds; Northern acquires more collateral if the value of the borrowed securities increases and returns it if the value of the borrowed securities declines. In this case, Northern established two collateral pools: the Core USA pool and the collective short term investment fund and the collective short term extendible portfolio (STIF/STEP Pool). In accordance with the guidelines for the Core USA and STIF/STEP Pools, Northern invested the collateral in fixed-income debt securities.

Diebold, on behalf of the Exxon Plans and other similarly situated plans, alleges that Northern and NTI breached their fiduciary duties under § 404(a) of the Employee Retirement Income Security Act (ERISA) and also engaged in ERISA-prohibited transactions in violation of § 406(b) of ERISA. In short, Diebold alleges that the Defendants invested the collateral obtained via its securities lending programs into illiquid, highly-leveraged, unduly risky mortgaged-backed securities and other securitized debt instruments, which resulted in substantial losses to the Exxon Plans. The BP Committees allege similar violations of ERISA and also allege that the Defendants breached the investment agreements they reached with the BP Committees.

Upon filing their Complaint in October 2008, the BP Committees immediately sought a preliminary injunction, requiring the Defendants to amend recently imposed withdrawal guidelines. The Court denied the BP Committees' request for a preliminary injunction in December 2008. The BP Committees amended their Complaint in January 2009, and the Defendants moved to dismiss the non-ERISA claims of the Amended Complaint. That motion is fully briefed and remains pending. In February 2009, the Court entered a discovery schedule and the parties have since engaged in (and contested) discovery.

The Diebold Plaintiffs filed their suit in March 2009. The Defendants have moved to dismiss that claim, on the grounds that the Diebold Plaintiffs did not adequately state their claims and on the grounds that he does not have standing to sue on behalf of Plans in which he did not participate. The motion to dismiss in *Diebold* has not been fully briefed.

## II. Discussion

Local Rule 40.4 governs when a later-filed case can be reassigned to a judge handling a earlier-filed case. Initially, Rule 40.4(a) requires that the cases are related. One definition of related cases under Rule 40.4(a) are those that involve some of the same issue of fact or law. Two cases need not be absolutely identical to be suitable for reassignment under Rule 40.4. *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008). Here, the two suits both concern allegations surrounding Defendants' securities lending practices and have sufficient common issues of fact and law to be deemed related.

Rule 40.4(b) then sets forth the criteria under which related cases may be reassigned to the calendar of another judge. Four criteria must be met: 1) both cases must be pending in this Court; 2) the handling of both cases by the same judge must be likely to result in a substantial saving of

3

judicial time and effort; 3) the earlier-filed case may not have progressed to the point where designating the later-filed case as related would likely delay the proceedings in the earlier-filed case; and 4) the cases are susceptible of disposition in a single proceeding. The Court finds that each of these criteria are met here.

Assigning both cases to the calendar of one judge will likely result in substantial saving of judicial time and effort. The BP Committees argue that the cases are not more than superficially related and that common legal and factual issues will not predominate. Therefore, according to the BP Committees, the Court will not save substantial time and effort. The Court disagrees.

Despite the fact that there are nuances particular to each case, *BP Committees* and *Diebold* both involve the intersection between complex financial transactions and ERISA law. In that sense, they are more than superficially related. In each case, the plaintiff alleges that the Defendants breached its fiduciary duties under ERISA, particularly as it related to the Defendants' securities lending practices. Thus, in resolving both cases, the Court confronts similar factual issues: the investment of collateral into allegedly risky securities; claims of loss arising from a collateral deficiency and write-downs in the collateral pools; interpretation of the Declaration of Trust and the Securities Lending Authorization Agreement between Northern Trust and NTI. Similarly, the Court will interpret the same provisions in ERISA and will apply the same case law regarding fiduciary duties and prohibited transactions under ERISA. This Court has already invested significant time familiarizing itself with the ways in which Defendants invested and managed the collateral posted by securities borrowers and it makes little sense to require another court in this District to sift through the volumes of similar or identical documents the parties are likely to produce. *See, e.g., Teachers Retirement Sys. Of La. v. Black*, No. 04 C. 834, 2004 WL 1244236, * 2 (N.D. Ill. Jun. 3,

2004) (reassigning securities fraud case where cases involved the same underlying fraudulent conduct).

In addition, judicial resources can be conserved if similar discovery issues arise in the two cases. Already the parties in *BP Committees* dispute what documents the plaintiffs should produce through discovery and the Defendants' brief in support of its motion is 18 pages in length with over 150 pages of exhibits. Discovery in these cases likely will be complex, and the court will preserve resources if only one judge, rather than two, must resolve similar discovery disputes.

The Court also finds that *BP Committees* will not be substantially delayed if *Diebold* is reassigned. The BP Committees argue that because *Diebold* is roughly four months behind in fact discovery and does not yet have a case management schedule that reassignment will delay resolution. To be sure, the fact discovery close in *BP Committees* rapidly approaches. The deadline to file dispositive motions, however, is more than nine months away. Although the parties in *BP Committees* have exchanged document requests, they continue to dispute the scope of discovery and have yet to undertake fact depositions, let alone begin expert discovery. In short, discovery in *BP Committees* is still at the earliest of stages. Moreover, the Defendants have yet to answer the Complaint in either case. *See, e.g., River Village West LLC v. Peoples Gas Light and Coke, Co.*, No. 05 C 2103, 2007 WL 541948, * 2 (N.D. Ill. Feb. 14, 2007) (reassigning case where discovery in initial stages). *BP Committees* simply is not so far along that an extension of the discovery schedule, if necessary, significantly delays resolution of that case.

The BP Committees also argue that the class allegations in *Diebold* will substantially delay resolution in *BP Committees*. The presence of class allegations in one or more cases, however, is not a bar to reassignment. *Popovich v. McDonald's Corp.*, 189 F.Supp.2d 772, 778 (N.D. Ill. 2002)

(reassigning individual claims with a class action claim). There is no guarantee that a class will be certified. Indeed, the Defendants have already moved to dismiss those allegations for lack of standing. Even if the *Diebold* class allegations survive the motion to dismiss, nothing suggests that class discovery will significantly delay resolution in *BP Committees*.

Finally, the same core set of facts predominate in these two cases, making them susceptible to disposition in a single proceeding. At issue in both is Defendants' behavior in regards to its securities lending program, particularly whether Defendants invested collateral obtained in securities lending into unduly risky mortgage-backed securities. Although the theories of each Plaintiff's case may vary, the witnesses necessary for disposition likely will be the same: Defendants' employees responsible for developing the Declaration of Trust and Securities Lending Authorization agreements, Defendants' employees responsible for managing the collateral obtained through securities lending; Defendants' employees responsible for reacting to adverse market conditions that impaired that collateral; experts knowledgeable about the market conditions that caused the collapse of the securities lending pools. Moreover, both cases require the Court to determine the legality under ERISA of Defendants' investment strategy regarding its securities lending program. *See, e.g., Global Patent Holdings, LLC*, 2008 WL 1848142, at *4 (holding that where both actions involve *prima facie* fundamentally similarly claims and defenses that actions are amenable to disposition in a single proceeding); *Teachers Retirement Sys. Of La. v. Black*, 2004 WL 1244236, at * 2; *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2-3 (N.D. Ill. Nov. 25, 2002) (observing that both cases require the court to determine the legality of a common practice). In short, the Court has reviewed the Complaints and finds that the cases raise substantially the same

claims and that therefore they are susceptible to disposition in a joint summary judgment motion or a single trial.

The Court GRANTS the motion to reassign and *Diebold v. Northern Trust Investments, N.A.*, No. 09-cv-1934 is hereby transferred to this Court's calendar pursuant to Local Rule 40.4.

IT IS SO ORDERED.

_____ 6/15/09
Dated

_____
Hon. William J. Hibbler
United States District Court