Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6029 | **DATE** | June 18, 2009 |
| **CASE TITLE** | BP Corp N.A. inc Savings Plan Investment Oversight Committee et al v. Northern Trust Investments, N.A. et al. | | |

**DOCKET ENTRY TEXT:**

In order to make clear what claims the Plaintiffs may pursue, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Non-ERISA claims (doc. #67). To the extent that Plaintiffs raise any state-law contract claims or other non-ERISA claims in Counts I, II, III or V, the Court DISMISSES those claims and deems those claims to arise only under ERISA. The Court also strikes the final sentence of Paragraph 7 of the Amended Complaint.

■ [ For further details see text below.]           Docketing to mail notice.

## STATEMENT

    The Defendants move to dismiss Plaintiffs non-ERISA claims, arguing that ERISA preempts those claims. The Plaintiffs respond that they do not plead any contract claims.

    The Plaintiffs filed the Amended Complaint in January, 2009. The Amended Complaint contains six counts, each of which raises a claim under ERISA, alleging either that the Defendants breached their fiduciary duties under § 404(a) of the Employee Retirement Income Security Act (ERISA) or engaged in ERISA-prohibited transactions in violation of § 406(b) of ERISA. In short, the Plaintiffs allege that the Defendants invested the collateral obtained via its securities lending programs into illiquid, highly-leveraged, unduly risky mortgaged-backed securities and other securitized debt instruments, which resulted in substantial losses to the BP Plans. Several of the six counts, however, also reference alleged breaches of agreements between the Defendants and Plaintiffs. For example, in Count II, Plaintiffs allege that one Defendant's actions "constitute breaches of Section 3(a) of the IMAs . . . ."

    Plaintiffs explain that these references merely state facts concerning contracts that relate to the creation and definition of Defendants' alleged fiduciary duties. Plaintiffs state that none of their claims arise under state law. Plaintiffs' Amended Complaint, however, contains a statement that contradicts their explanation. In Paragraph 7 of the Amended Complaint, Plaintiffs allege that "[t]his Court has supplemental jurisdiction over the contract claims pursuant to 28 U.S.C. § 1367." Of course, such a statement is necessary only if the Plaintiffs intend to raise a state-law breach of contract claim.



## STATEMENT

It is well-settled that ERISA preempts parallel state-law claims. 29 U.S.C. § 1144(a); *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-57 (1995); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *Rud v. Liberty Life Assur. Co. of Boston*, 438 F.3d 772, 777-78 (7th Cir. 2006). Plaintiffs do not dispute this general principle, but insist, despite their pleading that they do not raise state-law contract claims.

In order to make clear what claims the Plaintiffs may pursue, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Non-ERISA claims. To the extent that Plaintiffs raise any state-law contract claims or other non-ERISA claims in Counts I, II, III or V, the Court DISMISSES those claims and deems those claims to arise only under ERISA. The Court also strikes the final sentence of Paragraph 7 of the Amended Complaint. The Court does not strike any other underlying factual allegations in the body of the Amended Complaint.

*/s/ Wm. J. Hibbler*